IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| NAVARRETE DE JESUS, | : | |
|---|---|---|
| Plaintiff | : | |
| VS. | : | NO. 3:10-CV-53 (CAR) |
| STATE OF GEORGIA, | : | **ORDER** |
| Defendant | : | |

Petitioner, **NAVARRETE DE JESUS**, a pretrial detainee at the Clarke County Jail in Athens, Georgia, has filed a "Demand for a Civil Trial Under the Seventh Amendment to the Constitution of the USA 42 U.S.C. § § 1981 - 1988; 28 U.S.C. § 1651 and Petition for Removal of State Proceedings."

The Clerk of Court docketed this filing as a petition for removal of his state court criminal proceedings.[1] As such, this matter is now before the Court pursuant to 28 U.S.C. § 1446 (c)(4),

---

[1] Petitioner's pleadings are extremely confusing. Petitioner states that he is "invoking also 42 U.S.C. § 1983 . . . and . . . [the] All Writs Act." To any extent that plaintiff seeks to file a § 1983 action, he has not used the appropriate form; nor has he named an appropriate defendant. Petitioner shows the State of Georgia as only defendant/respondent. However, "the Eleventh Amendment bars a §1983 action against a state and its agencies 'regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief'." *Maolud v. Sikes*, No. 1:06-CV-1043 (JEC), 2006 U.S. Dist LEXIS 22734, at *3-4 (N. D. Ga. Oct. 24, 2006 )(quoting *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)); *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, any § 1983 action would be subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* prohibits federal courts from interfering with on-going state court criminal prosecutions. The All Writs Act is equally inapplicable because it available only in very limited circumstances "to enjoin parties in other legal proceeding to protect [the district court's] own jurisdiction" and to protect the federal court's orders and judgments. *Perkins v. Am. Nat'l Ins. Co.*, 446 F. Supp. 2d 1350, 1354 (M. D. Ga. 2006). In this case, there is "no ongoing proceeding, or some past order or judgment [of this Court] . . . being threatened by someone else's action." *Griffin v. GMAC Commer. Fin., L.L.C.*, No. 1:05-CV-119-WBH-GGB, 2007 U.S. Dist. LEXIS 14403 at *8 (N. D. Ga. February 27, 2007). Additionally, the Court notes that petitioner has not

which provides as follows: "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

In the petition for removal, petitioner states that he is being subjected "to a criminal prosecution in [the Superior Court of Athens-Clarke County Georgia]" that is "wanting of due process of law in that the State of Georgia . . . has refused to provide meaningful electronic access to counsel, to wit: prospective *pro bono* counsel from out-of-state." Petitioner explains that the petition is "intended to continue or defer the actual date of the criminal trial" and "[i]n lieu of commencing the criminal trial, [he] requests that [he] be allowed to court-examine (sic) the State's witnesses."

Petitioner has attached a rambling, and often incoherent, 17 page "Affidavit" in which he states that he is being prosecuted for stalking. He alleges that he needs a "mental examination" because he plans to rely on "episodes of extreme emotional disturbance and ongoing post-traumatic stress" as a defense at his criminal trial and, if convicted, he will present "expert testimony . . . as mitigation." He explains that the state court ordered a mental evaluation, but it was too limited in scope and he requires "a more comprehensive evaluation."

Petitioner complains that he is faced with "conflict-laden . . . insufficient counsel, a prosecuting D[istrict] A[ttorney] with no regard for fairness and a biased judge" who refuses to recuse himself.

Pursuant to 28 U.S.C. § 1446 (a) certain state criminal prosecutions may be removed to the federal district courts. Specifically, 28 U.S.C. § 1443 provides as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State

---

paid a filing fee, nor has he petitioned this Court to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, filing fees are not required for removal of a criminal action under 28 U.S.C. § 1443. Therefore, it is not necessary for the Court to grant petitioner *in forma pauperis* status in this action.

court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Court's have explained that removal under § 1443 (1) "must satisfy a two prong test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, a petitioner must show the deprivation of a right that 'arises under a federal law providing for specific civil rights stated in terms of racial equality'." *Gober v. State of Georgia*, No. 1:06-CV-0728-TWT, 2006 U.S. Dist. LEXIS 24796 at * 4 (N. D. Ga. April 17, 2006) (*quoting Johnson*, 421 U.S. at 219-20). "Second, the deprivation generally must 'be manifest in a formal expression of state law'." *Id*. (*quoting Johnson*, 421 U.S. at 219-20). An example would be a state law that provides for "African Americans to be criminally prosecuted for trespass for having entered a public restaurant." *Id*. Therefore, § 1443 (1) "safeguards against States prosecuting persons for having exercised their federally protected civil right to racial equality." *Id*. at * 4-5 (*citing Georgia v. Rachel*, 384 U.S. 780, 791 (1966)).

In this case, petitioner has not satisfied either prong of this test. He "does not allege that he is being prosecuted for exercising a federally protected civil right to racial equality." *Id*. at *5. Therefore, removal of this criminal prosecution is not allowed pursuant to 28 U.S.C. § 1443 (1).

The Supreme Court of the United States has held that 28 U.S.C. § 1443 (2) "'confers a privilege of removal only upon federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law providing for equal civil rights'." *Alabama v. Kemp*, 929 F. Supp. 722, 724 (N. D. Ala. 1997)(quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Petitioner has not alleged that he is a federal officer, employee, or agent.

Therefore, he may not remove his criminal conviction pursuant to 28 U.S.C. § 1443 (2).[2]

Finally, remand is appropriate for the additional reason that petitioner failed to follow the proper procedures for removal, which are found at 28 U.S.C. § 1446. Specifically, 28 U.S.C. § 1446(a) provides that a criminal defendant seeking removal must attach "a copy of all process, pleadings, and orders served upon such defendant" to his notice of removal. Petitioner has failed to attach any such documents. Petitioner has also failed to allege that he is within the time restraints for removal provided 28 U.S.C. 1446 (c)(1).

For these reasons, the Court finds that petitioner's removal of his prosecution from state court is improper and this Court lacks jurisdiction. Therefore, it is **ORDERED** that the prosecution is **REMANDED** to the Athens-Clarke County Superior Court.[3]

**SO ORDERED**, this 26th day of August, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

[2] Federal officers or employees may seek removal under 28 U.S.C. § 1442 as well. Again, petitioner may not seek removal under this statute because he is not a federal officer, employee, or agent.

[3] All of petitioner's outstanding motions (R. at 2, 3, & 4) are **DENIED**.